# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DE LA LUZ QUIROZ DE LARA, <br><br> Plaintiff, <br><br> v. <br><br> COMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.: 1:17-cv-00962 - JLT <br><br> ORDER DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) <br><br> ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF MARIA DE LA LUZ QUIROZ DE LARA AND AGAINST DEFENDANT, THE COMMISSIONER OF SOCIAL SECURITY |

Maria De La Luz Quiroz De Lara asserts she is entitled to a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff argues the administrative law judge erred by not her language abilities as a vocational factor, and seeks review of the decision to deny her applications for benefits. For the reasons set forth below, the Commissioner's motion for summary judgment is **DENIED** and the ALJ's decision is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## PROCEDURAL HISTORY

Plaintiff filed her applications for benefits on August 29, 2013, alleging disability beginning on August 28, 2012. (Doc. 10-7 at 2) The Social Security Administration denied Plaintiff's applications at both the initial level and upon reconsideration. (Doc. 10-3 at 25) Plaintiff testified at a hearing before an ALJ on October 8, 2015. (*See id.* at 48-49) The ALJ determined she was not disabled and

issued an order denying benefits on November 25, 2015. (*Id.* at 25-32) When the Appeals Council denied Plaintiff's request for review of the decision on May 24, 2017 (*id.* at 2-5), the ALJ's findings became the final decision of the Commissioner of Social Security ("Commissioner").

## STANDARD OF REVIEW

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## DISABILITY BENEFITS

To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial

gainful employment. *Maounois v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

**ADMINISTRATIVE DETERMINATION**

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity ("RFC") to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

**A.     Plaintiff's Testimony**

Plaintiff testified with the assistance of an interpreter at the administrative hearing held on October 8, 2015. (Doc. 10-3 at 50) She reported that she went to school through about the fifth grade in Mexico, and never attended school in the United States. (*Id.* at 53) In addition, Plaintiff said she never studied English or took English classes. (*Id.*) Plaintiff reported she could not read or write at all in English, but she could read and write in Spanish and enjoyed reading the newspaper, reading jokes, and doing crossword puzzles. (*Id.* at 54, 64)

**B.     Vocational Expert's Testimony**

Thomas Varrell, the vocational expert ("VE"), testified that Plaintiff's past relevant work was classified under the *Dictionary of Occupational Titles* as a farm worker, DOT 403.687-018, and can sorter, DOT 529.686-014. (Doc. 10-3 at 71) The VE reported that the *Dictionary of Occupational Titles* classified the farm worker position as unskilled medium work and the can sorter position as unskilled light work. (*Id.*) However, the VE observed that Plaintiff described performing the can sorting work "at the medium category." (*Id.* at 73)

The ALJ asked the VE to consider "a person of the claimant's age, education and work experience." (Doc. 1-3 at 71) The ALJ also indicated the person was "capable of performing at the medium level," including "standing or walking for approximately six hours during an eight-hour day, sitting for approximately six hours during an eight-hour day with the normal breaks, only occasional

| | |
|---|---|
| 1 | ladders, ropes and scaffolds, stooping, crouching, kneeling, and crawling." (*Id.*) Further, the person |
| 2 | could frequently balance, and climb ramps and stairs. (*Id.*) The VE opined the hypothetical individual |
| 3 | could not perform the labor requirements of a farm worker, because the "occupation would require |
| 4 | stooping more than occasionally." (*Id.*) However, the VE believed "[t]he can sorter occupation… |
| 5 | would still be an appropriate occupation." (*Id.*) |

Next, the ALJ asked the VE to "assume a person of the claimant's age, education and work experience who is capable of performing at the light level." (Doc. 10-3 at 72) The ALJ added that the person was capable of "standing or walking for up to six hours during an eight-hour day with normal breaks;" frequently balance, kneel, and push and pull with the left lower extremity; occasionally crouch and crawl; and frequently climb ladders, ropes, scaffolds, ramps, and stairs. (*Id.*) In addition, the ALJ asked the VE to consider a requirement for the person to "avoid all exposure" to extreme heat and cold, as well as "concentrated exposure to wetness and humidity." (*Id.* at 73) The VE testified such a person could perform Plaintiff's past relevant work as a can sorter "per the *DOT*, but not as performed," because Plaintiff performed the work at the medium exertion level. (*Id.*)

The ALJ asked the VE if his testimony was consistent with the *Dictionary of Occupational Titles*, and the VE responded that it was consistent. (Doc. 10-3 at 74)

## C. The ALJ's Findings

Pursuant to the five-step process, the ALJ determined Plaintiff did not engage in substantial gainful activity after the alleged onset date of August 28, 2012. (Doc. 10-3 at 27) At step two, the ALJ found Plaintiff's severe impairments included: "Degenerative Disc Disease (DDD) [and] lumbar spine with low back pain." (*Id.*) At step three, the ALJ determined Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled a Listing. (*Id.* at 28) Next, the ALJ found:

> [T]he claimant has the Residual Functional Capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: the claimant [can] stand and/or walk for up to 6 hours during an 8 hour workday[;] sit for up to 6 hours during an 8 hour work day, with normal breaks; frequently push/pull with [the] left extremity; frequent foot control operation; frequently climb ladders, ropes, scaffolds; frequently climb ramps/stairs; frequently balance, stoop, kneel; occasionally crouch, crawl; avoid all exposure to extreme heat or cold; avoid concentrated exposure to wetness or humidity.

(*Id.* at 29) With these factors in mind, at step four, the ALJ determined Plaintiff was able to perform

4

her past relevant work as a sorter of cans "as actually and generally performed." (Doc. 10-3 at 31) Thus, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. (*Id.* at 32)

## **DISCUSSION AND ANALYSIS**

Plaintiff's argues that the ALJ erred at step four of the sequential evaluation in finding that she can perform her past relevant work. (Doc. 14 at 6-7) According to Plaintiff, the ALJ failed to address conflicts between the testimony of the vocational expert—who opined Plaintiff could work with the residual functional capacity identified by the ALJ—and the requirements of her past relevant work both as she performed it and as defined by the *Dictionary of Occupational Titles*. (*See id.*)

**A.     Step Four of the Sequential Evaluation**

At step four, a claimant has the burden of proof to establish that she cannot perform her past relevant work "either as actually performed or as generally performed in the national economy." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Past relevant work is work performed in the last 15 years that lasted long enough to learn it, and was substantial gainful employment. SSR 82-61, 1982 SSR LEXIS 31.[1] The ALJ is not required to make "explicit findings at step four regarding a claimant's past relevant work both as generally performed and as actually performed." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). Nevertheless, the Ninth Circuit explained that "the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Id.*, 249 F.3d at 844.

The Social Security Administration has set forth three tests for an ALJ to determine whether a claimant retains the capacity for past relevant work, including:

> 1. Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packing job," etc.
>
> 2. Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it.
>
> 3. Whether the claimant retains the capacity to perform the functional demands the job duties of the job as ordinarily required by employers throughout the national economy.

---

[1] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner. 20 C.F.R. § 402.35(b)(1). While SSRs do not have the force of law, the Ninth Circuit gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989); *Avenetti v. Barnhart*, 456 F.3d 1122, 1124 (9th Cir. 2006) ("SSRs reflect the official interpretation of the [SSA] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations").

SSR 82-61, 1982 SSR LEXIS 31, at *2-3.

To determine how a claimant actually performed her work, an ALJ may consider: "(1) the claimant's own testimony, and (2) a properly completed vocational report." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002), citing *Pinto*, 249 F.3d at 845, accord. SSR 82-61, SSR 82-41; *see also* SSR 82-62, 1982 SSR LEXIS 27, at * 6-7 ("statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work"). Usually, "the best source for how a job is generally performed" in determining the requirements of a claimant's past relevant work is the *Dictionary of Occupational Titles*, and vocational expert testimony may be considered at step four of the sequential analysis. *Pinto*, 249 F.3d at 845-46.

**B.     Plaintiff's Past Relevant Work as "Actually Performed"**

At step four, the ALJ determined Plaintiff could perform her past relevant work as a sorter of cans "as actually and generally performed." (Doc. 10-3 at 31) As an initial matter, Defendant acknowledges that the ALJ erred in finding Plaintiff could perform her past relevant work as actually performed. (Doc. 15 at 10, n.3) Significantly, the ALJ limited Plaintiff to light work while she performed it at the medium level, and the vocational expert specifically testified that a person with the limitations identified by the ALJ in the residual functional capacity could perform Plaintiff's past relevant work as a can sorter "per the *DOT*, but not as performed." (Doc. 10-3 at 73) Thus, the ALJ's conclusion regarding Plaintiff's ability to perform the work of a can sorter as actually performed is not supported by the record.

**C.     Plaintiff's Past Relevant Work as "Generally Performed"**

Plaintiff contends the ALJ erred in finding she could perform the work of a can sorter, given the literacy and language requirements of the position. (Doc. 14 at 6-7) As Plaintiff observes, according to the *Dictionary of Occupational Titles*, the position of can sorter requires a Language Level 2. *See* DOT 529.686-014, 1991 WL 674719. The lowest language level contemplated by the *Dictionary of Occupational Titles* is Language Level 1. *See Obeso v. Colvin*, 2015 WL 10692651 at *16 (E.D. Cal. Jan. 5, 2016); *see also Donahue v. Barnhart*, 279 F.3d 441, 445 (7th Cir. 2002) ("basic literacy (defined as a vocabulary of 2,500 words, the ability to read about 100 words a minute, and the ability to print simple sentences) is essential *for every job in the economy*") (emphasis in original). In

contrast, under Language Level 2, the following is expected from an individual:

> READING: Passive vocabulary of 5,000-6,000 words. Read at rate of 190-215 words per minute. Read adventure stories and comic books, looking up unfamiliar words in dictionary for meaning, spelling, and pronunciation. Read instructions for assembling model cars and airplanes.
>
> WRITING: Write compound and complex sentences, using cursive style, proper end punctuation, and employing adjectives and adverbs.
>
> SPEAKING: Speak clearly and distinctly with appropriate pauses and emphasis, correct punctuation, variations in word order, using present, perfect, and future tenses.

DOT 529.686-014, 1991 WL 674719.

### 1. Failure to consider Plaintiff's English abilities

The Ninth Circuit has declined to specifically address whether an ALJ is required to consider a claimant's language skills, including literacy, at step four of the sequential evaluation. *Pinto*, 249 F.3d at 847 n.5 (9th Cir.2001). However, in *Pinto*, the Ninth Circuit explained:

> The ability to communicate is an important skill to be considered when determining what jobs are available to a claimant. Illiteracy seriously impacts an individual's ability to perform work-related functions such as understanding and following instructions, communicating in the workplace, and responding appropriately to supervision. These are all factors that Social Security Ruling No. 96–8P requires an ALJ to consider when determining whether a claimant has the residual functional capacity to perform past relevant work. **Here the ALJ, although noting Pinto's limitation in both his findings of fact and hypothetical to the vocational expert, failed to explain how this limitation related to his finding that Pinto could perform her past relevant work as generally performed**.

*Id.* at 846–847 (emphasis added). Thus, the ALJ must "definitively explain" the impact of a claimant's illiteracy on her ability to perform past relevant work or alternative work. *Id.*, 249 F.3d at 848.

In addition, the Social Security regulations indicate account a claimant's literacy and the ability to communicate in English are considering as a vocational factor. 20 C.F.R. §§ 404.1564(b)(5), 416.964(b)(5) ("[W]e consider a person's ability to communicate in English when we evaluate what work, if any, he or she can do"). The ability to communicate in English is particularly important because "English is the dominant language of [this] country" and as such, retaining a job may be difficult for someone without English skills, "regardless of the amount of education the person may have in another language." *Id.* It is the Commissioner's burden to establish that a claimant is literate in English. *Silveira v. Apfel*, 204 F.3d 1257, 1261 (9th Cir. 2000).

When Plaintiff testified before the ALJ, she did so with the assistance of an interpreter. Further, she testified that she never studied English or took English language classes, and she was unable to read or write in English. (Doc. 10-3 at 53) Thus, there is evidence in the record that Plaintiff is illiterate with the English language. However, the ALJ did not make any findings in the decision regarding Plaintiff's language and literacy abilities. Where the record indicates a claimant is illiterate in English, it is an error for the ALJ to fail to address the claimant's illiteracy in his decision. *See Silveira*, 204 F.3d at 1261-62 (finding error where "[t]he ALJ made no express finding that [the claimant] was literate in English"); *Mui Si Voong v. Astrue*, 641 F. Supp. 2d 996, 1009-10 (E.D. Cal. 2009) (remanding the action for further proceedings where the ALJ failed to address the claimant's need for an interpreter). Given the lack of findings regarding Plaintiff's language abilities and literacy, the ALJ's decision was insufficient.

### 2. Conflict with the *Dictionary of Occupational Titles*

Pursuant to SSR 00-4p[2], occupational evidence provided by a vocational expert "generally should be consistent with the occupational information supplied by the DOT." *Id.*, 2000 WL 1898704 at *2. When there is a conflict between the testimony of the vocational expert and the *Dictionary of Occupational Titles*, "the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert testimony] to support a determination or decision about whether the claimant is disabled." *Id.* Further, SSR 00-4p provides:

> At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the [vocational expert] evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the [vocational expert] is reasonable and provides a basis for relying on the [vocational expert] testimony rather than on the DOT information.

*Id.* Accordingly, the Ninth Circuit determined an ALJ must inquire "whether the testimony conflicts with the *Dictionary of Occupational Titles*," and may only rely upon conflicting expert testimony when "the record contains persuasive evidence to support the deviation." *Massachi v. Astrue*, 486 F.3d 1149,

---

[2] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner. 20 C.F.R. § 402.35(b)(1). While SSRs do not have the force of law, the Ninth Circuit gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989); *see also Avenetti v. Barnhart*, 456 F.3d 1122, 1124 (9th Cir. 2006) ("SSRs reflect the official interpretation of the [SSA] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations").

1153 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

In this case, the ALJ asked the vocational expert to "assume a person of the claimant's age, education and work experience who is capable of performing at the light level." (Doc. 10-3 at 72) Thus, the vocational expert considered Plaintiff's education in Mexico and lack of education with the English language. However, the ALJ did not ask the vocational expert any questions regarding the language level requirements of Plaintiff's past relevant work, or whether the position as generally performed would be available to someone who does not read or write in English.

Previously, this Court determined an ALJ cannot rely upon the testimony of a vocational expert when there is no explanation of how a claimant's limited language abilities affects the ability to perform work. *See, e.g., Singmuongthong v. Astrue*, 2010 WL 3715152 (E.D. Cal. 2010); *Her v. Astrue*, 2010 WL 328841 (E.D. Cal. 2010). For example, in *Singmuongthong*, the evidence established that the claimant was illiterate, though her past work required Language Level 1. *Id.*, 2010 WL 328841 at *7. The ALJ asked the vocational expert to consider the plaintiff's language levels, but failed to explain the deviation from the *Dictionary of Occupational Titles* in finding that the claimant was able to perform work requiring Language Level 1. *Id.* Therefore, the matter was remanded for further proceedings. *Id.*

Similarly, in *Her v. Astrue*, the ALJ asked the vocational expert to consider the claimant's language limitations when determining the ability to perform past work. *Id.*, 2010 WL 328841 at *6. Although the claimant's past work required Language Level 1, the vocational expert affirmed the availability of past work, without any discussion concerning the claimant's illiteracy. *Id.* at *5-6. As Defendant appears to do here, it was argued that the claimant's alleged language limitations were irrelevant because the claimant performed her past work despite her illiteracy. *Id.* at *6. The Court explained that "[s]uch a statement is not persuasive evidence to support a deviation from a DOT requirement. Although a claimant is not per se disabled if he or she is illiterate, the ALJ must definitively explain why he or she deviates from the DOT's language requirements when finding that a claimant can perform her past relevant work." *Id.* at *6. (citations and quotations omitted).

As in both *Singmuongthong* and *Her*, the record fails to clearly establish that Plaintiff would be able to perform her past relevant work as generally performed, as the vocational expert testified. The

vocational expert did not explain how a deviation from the language level identified by the *Dictionary of Occupational Titles* was appropriate when testifying an individual such as Plaintiff could perform the work of a can sorter "per the *DOT*." (Doc. 10-3 at 73) Consequently, the testimony of the vocational expert has no evidentiary value for the ALJ's conclusion that Plaintiff is able to perform her past relevant work as defined by the *Dictionary of Occupational Titles*.

**D.     Remand is Appropriate**

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

The ALJ failed to resolve a conflict between the vocational expert's testimony and the language levels required under the *Dictionary of Occupational Titles.* Based upon the record, the Court is unable to determine whether Plaintiff is able to perform her past relevant work as generally performed. Thus, a remand for further proceedings is appropriate in this matter. *See Zavalin,* 778 F.3d at 848 (an ALJ's failure to reconcile apparent conflict was not harmless where the Court "cannot determine [from the record] whether substantial evidence supports the ALJ's step-five finding"); *see also Dieugenio v. Astrue*, 2010 WL 317269 at *3 (C.D. Cal. Jan. 19, 2010) (failure to address a conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles* warranted remand for further proceedings).

///

## CONCLUSION AND ORDER

Because the ALJ failed to apply the correct legal standards, the testimony of the vocational expert cannot be substantial evidence to support the conclusion that Plaintiff is able to perform work in the national economy. *See Zavalin*, 778. F.3d at 846; *Rawlings v. Astrue*, 318 Fed. Appx. 593, 595 (2009) ("Only after determining whether the vocational expert has deviated from the *Dictionary of Occupational Titles* and whether any deviation is reasonable can an ALJ properly rely on the vocational expert's testimony as substantial evidence to support a disability determination.") Consequently, the ALJ's decision cannot be upheld by the Court.[3] *See Sanchez*, 812 F.2d at 510.

Accordingly, the Court **ORDERS**:

1. The Commissioner's motion for summary judgment is **DENIED**;
2. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and
3. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Plaintiff Maria De La Luz Quiroz De Lara and against Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **October 16, 2018**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[3] Because remand is appropriate on the above grounds, the Court offers no findings on the remaining issues identified by Plaintiff in her opening brief.